## Naugle v. Washington Township

*Ullman, Painter & Misner,* for plaintiffs.
*Stephen E. Patterson,* for defendant.

KELLER, *J.,* October 20, 1980—This action in trespass was commenced by the filing of a writ of summons on April 28, 1977 and the filing of a complaint on November 22, 1978. Preliminary objections to the complaint were filed on December 12, 1978 and amended preliminary objections on December 18, 1978. Preliminary objections to defendant's preliminary objections were filed on January 2, 1979. On February 19, 1980 an order was entered disposing of the various preliminary objections and granting plaintiffs leave to file an amended complaint. Plaintiffs' amended complaint was filed and served on June 19, 1980. Preliminary objections in the nature of a demurrer, motion to strike, and motion for a more specific complaint

were filed on July 17, 1980. On July 29, 1980 plaintiffs filed preliminary objections in the nature of a motion to strike defendant's preliminary objections in the nature of a demurrer and for a more specific complaint. Briefs were submitted and arguments heard on August 7, 1980, and the matter is now ripe for disposition.

Preliminarily, it is noted that defendant has abandoned its preliminary objection in the nature of a demurrer and that renders plaintiffs' preliminary objections in the nature of a motion to strike No. 1 moot. This leaves for disposition:

1. Defendant's motion to strike paragraphs 25(B)(2) and 26(B) of plaintiffs' amended complaint on the grounds of impertinence.

2. Defendant's motion for a more specific complaint as to paragraph 21 of the amended complaint.

3. Plaintiffs' preliminary objection to defendant's preliminary objection in the nature of a motion for more specific complaint as to paragraph 21 of the amended complaint.

Defendant's motion to strike alleges:

"Paragraphs 25(B)(2) and 26(B) of the Plaintiffs' Amended Complaint are impertinent, in accordance with the Order of Court entered on February 19, 1980."

Paragraph 25(B)(2) alleges:

"The Plaintiffs believe and therefore aver that the following negligent acts of the Defendant, Township of Washington, which were unreasonable under the circumstances, which were done without due care for the safety of the Plaintiffs' property and which acts created an unreasonable and unnecessary risk of harm to the Plaintiffs' property,

increased the volume of surface water and the rate of flow of surface water coming onto the Plaintiffs' property to such an extent that abnormal pressure was exerted on the Plaintiffs' swimming pool, and which acts were the proximate cause of the destruction of the Plaintiffs' swimming pool.

"B. The Township was negligent in failing to make the developer comply with Section 3(m) of the above referred to ordinance which subsection provides . . . 'or in lieu thereof the owner or subdivider must deliver to the supervisors a corporate surety bond wherein the supervisors of Washington Township is the obligee or deposit funds and securities in escrow under agreement; the surety bond or escrow agreement must contain an unconditional guarantee of completion and shall be in an amount to be fixed by the supervisors; all to insure the subsequent installation of the improvements, that is, grading, drainage, and paving by the owner or subdivider. . . .'

"(2) On February 5, 1973, the Defendant, Township of Washington, released Mar-Penn, Inc. from the conditions of the completion bond before all of the required drainage facilities were completed and installed. Such release of Mar-Penn, Inc. was unreasonable under the circumstances since due to the release of Mar-Penn, Inc. from the conditions of the completion bond, Mar-Penn, Inc. was permitted to and did sell lots in the subdivision upon which houses and driveways could be and were constructed, all of which increased the amount of water and rate of flow of water coming onto the Plaintiffs' property."

Paragraph 26(B) of the amended complaint alleges:

"The Township was negligent in permitting the following variances, which were not made in compliance with Section 12 of the above referred to Ordinance and by permitting such variances the Township acted without due care for the safety of Plaintiffs' property, by permitting such variances the Township acted unreasonably under the circumstances and by permitting such variances the Township created an unreasonable and unnecessary risk of harm to Plaintiffs' property, and by permitting such variances, which were not in compliance with Section 12 of the above referred to Ordinance, the Township breached its duty to the Plaintiffs and proximately caused the damage to the Plaintiffs' swimming pool. . . .

"B. On February 5, 1973, the Defendant, Township of Washington, released Mar-Penn, Inc. from the conditions of the completion bond before all of the required drainage facilities were completed and installed which constituted an unreasonable variance from Section 3(m) of the above referred to Ordinance which variance was made without sufficient engineering evidence to justify such variance."

Defendant urges that the above paragraphs were essentially pleaded by plaintiffs in paragraph 25(C)(1) and (2) of the original complaint and were attacked originally in defendant's preliminary objections of December 12, 1978 in subparagraphs 4 and 5 of its second demurrer, in which defendant specifically moved to strike paragraph 25(C)(2) for impertinence. In this court's opinion and order of February 19, 1980 the court observed at page 2 of the opinion that the parties had agreed to meet defendant's preliminary objection No. 2(5), and de-

fendant's motion to strike paragraph 25(C)(2) was stricken as impertinent to plaintiffs' claim for damages. In the court's order defendant's objection to paragraph 25(C)(1) was overruled, leaye was granted plaintiffs to amend, inter alia, paragraph 25(C)(2), and plaintiffs were also generally granted leave to file an amended complaint.

Paragraph 25(C)(2) of plaintiffs' original complaint alleges:

"Plaintiffs believe and therefore aver that the Defendant, Township of Washington, may have released Mar-Penn, Inc. from the conditions of the performance or corporate surety bond before all of the required grading, drainage and paving was completed and that such release of Mar-Penn, Inc. was unreasonable."

Comparing paragraphs 25(B)(2) and 26(B) of the amended complaint, supra, to the original paragraph 25(C)(2), we find:

(a) The allegations of paragraph 25(B)(2) substantially differ and assert a theory of negligence on the part of defendant, i.e., the permitting of Mar-Penn, Inc. to sell subdivision lots upon which houses and driveways were constructed, which contributed to the water runoff in quantity and rate onto plaintiffs' property.

(b) Paragraph 26(B) while more specific than the former pleading does not materially differ in substance.

"Impertinence is the averment of . . . fact or facts which are irrelevant to the material issues made or tendered, and which, whether proven or not, or whether admitted or not, can have no influence in leading to the result of the judicial decree." 2 An-

derson Pa. Civ. Prac. §1017.103; Romala Investment Corp. v. Joiner, 2 Franklin 168, 169 (1978).

In our judgment paragraph 25(B)(2) of plaintiffs' amended complaint is not impertinent. Paragraph 26(B) is impertinent. Therefore, defendant's motion to strike paragraph 25(B)(2) will be denied, and paragraph 26(B) will be granted.

Defendant has moved for a more specific complaint as to paragraph 21 of the amended complaint which alleges:

"Sometime during the period from October of 1974 up to Christmas of 1974, the Plaintiffs noticed a slight bulge or bow in the eastern side of their swimming pool which was the long side of the swimming pool facing the direction of the flow of water that frequently came onto the Plaintiffs' property. The Plaintiff, Richard G. Naugle, notified the Township Supervisors about this slight bulge or bow prior to the notice referred to in paragraph 24 below."

Defendant seeks an order requiring plaintiffs to plead with greater specificity the time the "bulge or bow" developed in the swimming pool wall or the time plaintiffs discovered it. Plaintiffs have moved to strike defendant's motion for a more specific complaint on the grounds that defendant could have and should have raised the objection at the time it filed its original preliminary objections and amended preliminary objections to the original complaint as required by Pa.R.C.P. 1028(b). We will dispose of the preliminary objections of both parties together.

Pa.R.C.P. 1028(b) provides: "All preliminary objections shall be raised at one time. They may be

inconsistent. Two or more preliminary objections may be raised in one pleading." A comparison of the language of paragraph 21 of the original complaint with paragraph 21 of the amended complaint, supra, discloses that there is no significant difference in the language of the two paragraphs and the factual allegations are virtually identical. Therefore, it would appear on its face that defendant has violated the express mandate of Pa.R.C.P. 1028(b). However, defendant argues that in paragraph 24 of the original complaint plaintiffs allege that counsel for plaintiffs on April 11, 1975 gave written notice to defendant that plaintiffs' swimming pool had collapsed, and defendant believing plaintiffs' claim was predicated upon the collapse of the pool was not concerned with the time the first bending or bowing appeared, but rather with the time of the actual collapse. To that end defendant did move for a more specific complaint as to the date of the collapse in its first preliminary objections (No. 7). At pages 2 and 3 of the court's opinion defendant's motion for a more specific complaint was granted, and plaintiffs were directed to aver with specificity the date of the collapse of their pool.

A reading of paragraphs 22 and 24 of plaintiffs' amended complaint discloses that the collapse complained of by plaintiffs was, in fact, the bending or bowing inward of the eastern side of their pool so that the coping on the top of the pool walls cracked and the pool's vinyl liner would no longer hold water, and that this occurred after three days of heavy rain on February 23, 24, and 25, 1975. We understand this bending or bowing was an aggravation or extension of the bulge or bow referred to in paragraph 21, supra. Defendant contends that with the revelation that it is called upon to meet a bending or

bowing of the pool walls rather than a total collapse the specific date when the first bending or bowing occurred or was observed by plaintiffs now for the first time becomes critical to its defense of the case.

Parenthetically we note that defendant did in its original preliminary objections move for a more specific pleading of the original paragraph 21, and as noted on page 2 of the court's opinion the parties agreed to the amendment of paragraph 21 to meet defendant's preliminary objection.

In our judgment plaintiffs' amendment of their complaint to allege that their primary damage resulted from an extension of the condition pleaded in paragraph 21 of the original complaint, rather than a collapse, constitutes the insertion of a new theory of damage in the cause permitting defendant to file its preliminary objections in the nature of a motion for a more specific pleading. Without doing violence to Pa.R.C.P. 1028(c), plaintiffs' preliminary objections to defendant's preliminary objections will, therefore, be denied.

Pa.R.C.P. 1019(f) provides: "Averments of time, place and items of special damages shall be specifically stated." Defendant contends that it will require, to present a proper defense to plaintiffs' claim, greater specificity as to the time when the bulge or bow developed in the eastern wall of the pool or when plaintiffs discovered it. In response plaintiffs urge that absolute certainty in averring time is not always required, and reasonable certainty will constitute compliance. Plaintiffs also suggest that as a practical matter they may not be able to be any more specific as to when the bulge first appeared or they first discovered it, and it would be unreasonable to prejudice their claim by requiring greater specificity than is possible.

The Rules of Civil Procedure do not require a party to do the impossible. Pa.R.C.P. 1019(f) does require averments of time to be specifically stated. If plaintiffs cannot allege when the slight bulge or bow first appeared or when they first observed it, then a greater specificity than sometime during the period from October 1974 up to Christmas of 1974 should be pleaded. If on the other hand they can pinpoint the date the slight bulge or bow appeared or they observed it, they should do so.

## ORDER

Now, October 20, 1980, defendant's preliminary objections in the nature of a motion to strike are denied as to paragraph 25(B)(2) of the amended complaint, and granted as to paragraph 26(B) of the amended complaint. Defendant's preliminary objection in the nature of a motion for a more specific complaint as to paragraph 21 of the amended complaint is granted.

Plaintiffs' preliminary objections to defendant's preliminary objections are dismissed.

Exceptions are granted the parties.